IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADESTRO DOUGLAS, | ) | |
| ID # 48858-177, | ) | |
|     Movant, | ) | No. 3:16-CV-2067-M (BH) |
| vs. | ) | No. 3:14-CR-412-M (1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice.

### I. BACKGROUND

Ladestro Douglas ("Movant"), a federal prisoner, challenges his conviction in Cause No. 3:14-CR-412-M (1) for conspiracy to commit sex trafficking of children after he pleaded guilty. (*See* docs. 1, 4, 31.)[1] The Court sentenced him to 180 months' imprisonment, with a 5-year term of supervised release. (*See* doc. 31.) He did not appeal.

Movant now claims that he is "actually innocent." (*See* 3:16-CV-2067-M, doc. 1 at 1-3 ("[Movant] has been convicted [of] a crime of which he is 'actually innocent.'"); *see also* doc. 4 at 6.) He also raises a claim of ineffective assistance of counsel, arguing that his counsel "coerced and lied" to him and "threatened" him "with a harsher sentence if he didn't plea[d]" guilty. (*See* 3:16-CV-2067-M, doc. 4 at 6.)[2]

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-412-M (1).

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). Courts in the Fifth Circuit "'do[] not recognize freestanding actual innocence claims.'" *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (quoting *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014)). Movant's freestanding claim that he is actually innocent is not cognizable here.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail on his ineffective assistance claim, Movant must establish both that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-691, 694.

In determining whether counsel's representation was deficient, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Movant must offer more than "conclusory allegations." *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

Here, Movant claims that his counsel rendered ineffective assistance as follows:

> I was coerced and lied to by my counsel to plea to crimes I knew nothing about, [a]nd threatened by my counsel with harsher sentences if I didn't plea to the sex trafficking crimes. My defense attorney was personal about my crimes [and] obtained coerced testimony.

(3:16-CV-2067-M, doc. 4 at 6.)[3] His allegations are conclusory. He does not identify any lies that his counsel told him, explain how he was coerced, or explain how his counsel's conduct impacted his decision to plead guilty. Movant's "bare assertion[s] will not suffice" to support his claim for relief. *Holmes*, 406 F.3d at 361.

Movant also alleges that his counsel "threatened him with harsher sentences" if he did not plead guilty. He has not shown that counsel's advice to plead guilty to a single count of the indictment to avoid prosecution for the other count—and likely a longer prison sentence—was deficient. In exchange for his guilty plea, the government dismissed an additional count that charged Movant with sex trafficking of children. (*See* docs. 1 & 31.) "A plea is not involuntary solely because a defendant pleads guilty to limit his possible penalty." *Garner v. Scott*, 59 F.3d 1232, 1232 (5th Cir. 1995). "To establish coercion, [Movant] must show that the fear of a greater penalty destroyed his ability to weigh rationally, with aid of counsel, the advantages of proceeding to trial against those of pleading guilty." *Id.* He has not attempted to make that showing. Nor has shown, in any way, how he was prejudiced by counsel's advice.

---

[3] Movant's affidavit in support of his original motion claimed that his counsel failed to interview two alibi witnesses. (*See* 3:16-CV-2067-M, doc. 1 at 12.) He does not make that claim in his amended § 2255 motion, however. Nevertheless, "[t]o prevail on an ineffective assistance claim based upon uncalled witnesses, [the movant] must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Movant's allegations about alibi witnesses are conclusory—although he names them, he does not describe their testimony or show how it would have been exculpatory. Any claim that Movant's counsel was ineffective for failing to interview alibi witnesses lacks merit. *See, e.g.*, *id.* ("Claims of uncalled witnesses are disfavored, especially if the claim is unsupported by evidence indicating the witnesses's willingness to testify and the substance of the proposed testimony.").

More fundamentally, Movant's bald allegations of threats, lies, and coercion are belied by the record. He initialed and signed a detailed factual resume, in which he admitted exactly how he had conspired with another to prostitute a child. (*See* doc. 15.) He also signed a plea agreement stating that his "plea of guilty [is] free and voluntarily made, and is not the result of force or threats." (*See* doc. 14 at 4.) At his rearraignment hearing, he swore under oath to the Court that he was "fully satisfied with [his counsel's] representation and advice," that no one had induced him to plead guilty, and that he was pleading guilty voluntarily and of his own free will. (*See* doc. 35 at 11-15.) Movant's sworn declarations carry a strong presumption of truth. *See, e.g.*, *United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (per curiam) ("A defendant's solemn declarations in open court carry a strong presumption of truth."). Movant has offered no evidence to overcome that presumption. *Cf. United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985) (holding that a movant is not entitled to an evidentiary hearing on his claim that his attorney misled him into pleading guilty unless he offers "specific factual allegations supported by the affidavit of a reliable third person."). At his sentencing hearing, Movant did not attempt to raise any issue with the voluntariness of his plea, let alone allegations that his counsel had threatened, coerced, or lied to him. He did not raise these issues until nearly a year after he was sentenced. In light of the record, Movant is not entitled to relief on his ineffective assistance of counsel claim.

## V.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 26th day of February, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE