IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADESTRO DOUGLAS, ) | | |
| ID # 48858-177, ) | | |
| Movant, ) | No. 3:16-CV-2067-M-BH | |
| vs. ) | No. 3:14-CR-412-M | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the movant's *Request for a 30-Day Extension Regarding Recent Decisions of Class v. USA and Sessions v. Dimaya*, received on April 27, 2018 (doc. 16.) Based on the relevant findings and applicable law, the motion should be liberally construed as arising under Fed. R. Civ. P. 59(e) and **DENIED**.

**I. BACKGROUND**

Ladestro Douglas ("Movant"), a federal prisoner, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (Doc. 4.) On February 26, 2018, it was recommended that his § 2255 motion be denied with prejudice as meritless. (Doc. 11). Movant sought and received an extension of time to file his objections to the recommendation until April 16, 2018. (Docs. 12, 13.) He did not file any objections, however. On April 20, 2018, the recommendation was adopted, and his § 2255 motion was denied with prejudice. (Docs. 14, 15.)

On April 27, 2018, Movant filed his *Request for a 30-Day Extension Regarding Recent Decisions of Class v. USA and Sessions v. Dimaya*. (Doc. 16.) He cites two recent Supreme Court decisions – *Class v. United States*, 138 S. Ct. 798 (2018), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) – and requests an additional 30 days to "utilize" those decisions in his response to the

recommendation.

## II.  FED. R. CIV. P. 59(e)

Because Movant's request was filed within 28 days after judgment was entered against him, it is liberally construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).  To prevail on a motion under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Movant's filing cites *Class* and *Dimaya*, but offers no explanation as to how either case impacts the judgment.  In *Class*, the issue was "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." 138 S. Ct. at 803.  *Class* held that certain types of claims raised on direct appeal–including a constitutional challenge to the statute of conviction–were not barred by the appellant's appeal-waiver, which was contained in his plea agreement. *See id.* at 805.  Here, however, Movant did not pursue a direct appeal.  Moreover, his § 2255 motion did not claim that an appellate court improperly applied his appeal-waiver to bar certain claims. *Cf. id.* at 805 (holding that the appellant's challenge to the constitutionality of a statute did "not fall within any of the categories of claims that Class' plea agreement forbids him to raise on direct appeal.").  Finally, in this proceeding, none of Movant's claims were denied as waived.  He therefore cannot properly rely on

2

*Class* to attack the judgment in this habeas proceeding.

In *Dimaya*, the Supreme Court concluded that the phrase "crime of violence" in 18 U.S.C. § 16(b) is void for vagueness. 138 S. Ct. at 1210. That holding has no application here. Movant did not challenge § 16(b)–or any other criminal statute–as unconstitutionally vague. Rather, his § 2255 motion argued that he did not commit sex trafficking crimes and that his counsel was ineffective when he "coerced and lied" to Movant and "threatened" him "with a harsher sentence if he didn't plea[d]" guilty. (*See* doc. 4 at 6.) Those claims do not implicate the reasoning or the rule of *Dimaya*.

In sum, Movant has failed to present any intervening change in law, new evidence, manifest error of law or fact, or other extraordinary circumstance that would justify the alteration or amendment of the earlier judgment.

### III.  RECOMMENDATION

Movant's *Request for a 30-Day Extension Regarding Recent Decisions of Class v. USA and Sessions v. Dimaya* should be construed as a motion under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 7th day of May, 2018.**

                                                          IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE