IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LADESTRO DOUGLAS,  ) | |
| ID # 48858-177, ) | |
| Movant, ) | No. 3:16-CV-2067-M-BH |
| ) | No. 3:14-CR-412-M (1) |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is a post-judgment second *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received in this case on January 14, 2020 (doc. 26). Based on the relevant findings and applicable law, the motion should be construed as a successive motion to vacate under 28 U.S.C. § 2255, filed as a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

### I. BACKGROUND

Ladestro Douglas ("Movant"), a federal prisoner, challenges his conviction in Cause No. 3:14-CR-412-M (1). The respondent is the United States of America (Government).

On October 21, 2014, Movant was charged by indictment with: (1) sex trafficking of children in violation of 18 U.S.C. § 1591(a), (b)(2) (count one); and (2) conspiracy to commit sex trafficking of children in violation of 18 U.S.C. § 1594(c) (count two). (*See* No. 3:14-CR-412-M, doc. 1.) He pled guilty to count two on February 3, 2015, and he was sentenced to 180 months' imprisonment on July 29, 2015. (*See id.,* docs. 14-17, 31.) He did not appeal.

Movant filed a motion to vacate his conviction under 28 U.S.C. § 2255 that was received on

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

July 12, 2016, in which he argued that he received ineffective assistance of counsel and was actually innocent. (*See* doc. 1.) On February 26, 2018, it was recommended that his amended § 2255 motion be denied with prejudice, and the recommendation was accepted without objection on April 20, 2018. (*See* docs. 4, 11, 14, 15.) On April 27, 2018, Movant filed a request for an extension of time to file an objection to the recommendation so that he could address two recent Supreme Court decisions, and the request was liberally construed as a motion for new trial under Fed. R. Civ. P. 59(e). (*See* docs. 16, 18.) The Rule 59(e) motion was denied on May 30, 2018. (*See* doc. 19.) On January 31, 2019, the Fifth Circuit denied a certificate of appealability. (*See* doc. 25.)

Movant has now filed a second motion to vacate, received on January 14, 2020, alleging that there is a complete lack of evidence regarding his intent to engage in prostitution with a minor. (*See* doc. 26 at 8.)[2] He again argues that he is actually innocent. (*See id.*)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v.*

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

*Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* Movant was required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Movant's current § 2255 motion challenges the same conviction as in his prior motion to vacate and also raises a claim of actual innocence that was raised in his first motion. Because he could have and did raise an actual innocence claim in his earlier motion, this motion is successive within the meaning of § 2255. *See Orozco-Ramirez*, 211 F.3d at 867 (recognizing that a subsequent motion to vacate is second or successive when it raises a challenge to the conviction or sentence that was raised in an earlier motion to vacate).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of

3

the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction to consider Movant's new § 2255 motion, and it is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **CONSTRUED** as a successive motion to vacate under 28 U.S.C. § 2255, filed in a new case, and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the § 2255 motion filed in this case on January 14, 2020; (2) open a new habeas case for administrative purposes only; (3) file the January 14, 2020 § 2255 motion in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation, and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2255 action to the United States Court of Appeals for the Fifth Circuit.

4

**SO RECOMMENDED on this 16th day of January, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE